IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO SOTO-RODRIGUEZ,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES,<br><br>    Respondent | NO. 1:12-CV-00073-AWI<br>(1:10-CR-00330-AWI)<br><br>ORDER DENYING PETITIONER'S MOTION TO CORRECT, VACATE OR SET ASIDE SENTENCE PURSUANT TO 28 U.S.C., SECTION 2255<br><br>(28 U.S.C. § 2255) |

## I. INTRODUCTION

Petitioner Fernando Soto-Rodriguez ("Petitioner") seeks relief under 28 U.S.C. § 2255 from the sentence of 30 months that was imposed by this court on November 22, 2010, following Petitioner's entry of a plea of guilty to one count of being a deported alien found in the United States.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner was convicted by a plea of guilty on November 22, 2010 to one count of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. In the plea agreement, Petitioner agreed not to move for a downward departure based on the computed offense level, criminal history category or criminal history points. Petitioner also agreed to waive all Constitutional and statutory rights to appeal his conviction and sentence, and his rights under the "Hyde Amendment," section 617, P.L. 105-119 (Nov. 26, 1997).

Judgment was entered on November 30, 2010. The instant motion to correct, set aside or vacate the judgment pursuant to 28 U.S.C. § 2255 was filed on January 13, 2012.

### III. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal court may vacate, set aside, or correct a federal prisoner's sentence if the sentence was imposed in violation of the Constitution or the laws of the United States. 28 U.S.C. § 2255(a); *United States v. Withers*, 638 F.3d 1055, 1064 (9th Cir. 2011). When a district court reviews a § 2255 habeas motion, "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall...grant a prompt hearing thereupon to determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(a); *Withers*, 638 F.3d 1055 at 1064. The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), *cert. denied*, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Id*. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir.1980), *cert. denied*, 451 U.S. 938 (1981).

### IV. DISCUSSION

*1. Waiver*

Petitioner alleges that he suffered ineffective assistance of counsel, primarily because his attorney failed to file a notice of appeal despite Petitioner's request to do so. However, according to the plea agreement, Petitioner "knowingly and voluntarily agree[d] to waive all Constitutional and statutory rights to appeal his conviction and sentence, including...filing a motion under 28 U.S.C. § 2255."

Generally, a waiver of the right to appeal or to collaterally attack a conviction or sentence is enforceable if "(1) the language of the waiver encompasses [the] right to appeal on the grounds

2

raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). The waiver of rights contained in Petitioner's plea agreement to appeal or to collaterally attack the sentence, judgment or means of determination of the sentence is comprehensive. Because the plea agreement is comprehensive in its waiver of rights to appeal or collaterally attack, the court lacks jurisdiction to address the merits of Petitioner's 2255 motion except to the extent the motion seeks to invalidate the plea agreement itself on the grounds of involuntariness and/or ineffective assistance of counsel. Petitioner's claim of ineffectiveness of counsel based on a failure to appeal does not invoke the validity of the plea agreement. There are no allegations that Petitioner's counsel failed to inform Petitioner of his waiver of Constitutional and statutory rights or of the plea agreement as a whole. Nor does Petitioner allege any issues pertaining to the voluntariness of waiver. Petitioner solely claims that he requested his counsel to file a timely appeal, and his counsel failed to do so, likely due to Petitioner's waiver of his right to appeal.

*2. Legality of Sentence*

Petitioner's second claim alleges that he suffered from ineffective assistance of counsel because his counsel failed to object to his sentence of 30 months. Petitioner contends that his sentence exceeds the statutory maximum of 8 U.S.C. § 1326(a) and is therefore illegal. However, Petitioner's claim that his sentence is illegal is misplaced.

Petitioner was convicted in violation of 8 U.S.C. § 1326. Subsection (a) reads:

> "Subject to subsection (b), any alien who has been (1) removed [from] the United States...and thereafter, (2) enters, attempts to enter, or is at any time found in the United States...shall be fined under title 18, United States Code, or imprisoned not more than 2 years or both."

8 U.S.C. § 1326(a). Petitioner was removed from the United States on or about December 21, 2005. *See* Doc. No. 11 at 7. On its face, Petitioner's 30-month sentence appears to violate the two year maximum set forth in 8 U.S.C. § 1326(a). However, subsection (a) is subject to the additional guidelines of subsection (b) which, in pertinent, notes: "Notwithstanding subsection (a), in the case of any alien...whose removal was subsequent to a conviction of an aggravated

felony, such alien shall be fined under such title, imprisoned not more than 20 years or both."
8 U.S.C. § 1326(b)(2). In his plea agreement, Petitioner agreed that the factual basis was true and correct. This factual basis included:

> (5) On or about May 23, 2005, [Petitioner] was convicted of possession of a controlled substance for sale in violation of California Health and Safety Code § 11378, in the Superior Court of California, County of Fresno, and [Petitioner] was sentenced to sixteen (16) months imprisonment (Case No. F049023755).

Doc. No. 11 at 7. Petitioner's violation of California Health and Safety Code § 11378 was sentenced pursuant to the felony sentencing guidelines of California Penal Code § 1170(h). Therefore, based on his previous felony conviction, Petitioner's violation of 8 U.S.C. § 1326(a) was properly subjected to 8 U.S.C. § 1326(b)(2) and a 30-month sentence is well within the applicable 20-year sentence set forth in the statute. As such, Petitioner's allegation that his sentence exceeds the statutory maximum is without merit. Thus, because Petitioner's sentence is within the statutory guidelines, there is no longer a basis for the claim that his counsel failed to object to an illegal sentence.

   THEREFORE, in accordance with the foregoing discussion, Petitioner's motion to correct, set aside or vacate his sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED.

IT IS SO ORDERED.

Dated:  August 9, 2012                      
                      CHIEF UNITED STATES DISTRICT JUDGE